UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PROMETHEUS LABORATORIES INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PERSONALCARE INSURANCE OF ) <br> ILLINOIS, INC. ) <br> ) <br> Defendants. ) | Case No. 1:08-CV-02380 <br><br> Hon. Joan H. Lefkow <br><br> Mag. Judge Martin C. Ashman |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

PersonalCare Insurance of Illinois, Inc. ("PersonalCare"), by and through its attorneys, McGuireWoods, states as follows for its Answer to Plaintiff's Complaint:

1. Prometheus, a specialty pharmaceutical company primarily focused on the treatment, diagnosis and detection of gastrointestinal, autoimmune and inflammatory diseases and disorders, bring this action against PersonalCare.

**ANSWER:** PersonalCare is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 1 of the Complaint, and therefore denies the same.

2. This Complaint concerns wrongful conduct by PersonalCare involving false, misleading, defamatory and unlawful statements, representations and/or accusations regarding Prometheus that were made by or attributable to PersonalCare. Such statements were made to damage Prometheus by inducing persons and entities with whom Prometheus does business not to use Prometheus' products or services.

\6345056.1

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 2 of the Complaint.

3. To that end, PersonalCare has attempted to damage Prometheus by, among other things, publishing false, misleading and defamatory statements about Prometheus to its customers.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 3 of the Complaint.

4. PersonalCare's conduct has already caused, and, if left unchecked, will continue to cause significant and irreparable harm to Prometheus and its business. Accordingly, Prometheus brings this action to stop PersonalCare's false, misleading, defamatory and unlawful conduct.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 4 of the Complaint.

## PARTIES

5. Prometheus is a California corporation with its principal place of business in San Diego, California.

**ANSWER:** PersonalCare is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 5 of the Complaint, and therefore denies the same.

6. On information and belief, PersonalCare is an Illinois corporation with its principal place of business in Champaign, Illinois.

\6345056.1

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 6 of the Complaint.

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or costs, and is between Prometheus, which is a citizen of California, and PersonalCare, which is a citizen of Illinois.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 7 of the Complaint.

8. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391, because, on information and belief, PersonalCare regularly conducts business in the Northern District of Illinois, such that it is subject to personal jurisdiction in this district.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 8 of the Complaint.

## JURISDICTION AND VENUE

9. Prometheus is a specialty pharmaceutical company committed to improving the lives of patients. Prometheus' business primarily focuses on the treatment, diagnosis and detection of gastrointestinal, autoimmune and inflammatory diseases and disorders. Prometheus markets and delivers pharmaceutical products and also markets and performs diagnostic testing services.

3

\6345056.1

**ANSWER:** PersonalCare is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 9 of the Complaint, and therefore denies the same.

10. PersonalCare is a corporation that administers various healthcare benefit programs. PersonalCare contracts with medical service providers in connection with the administration of its healthcare benefit programs.

**ANSWER:** PersonalCare admits the allegations set forth in Paragraph 10 of the Complaint.

11. In early 2006, Prometheus learned that PersonalCare was interested in contracting for Prometheus' services after Prometheus received a packet of information from PersonalCare. The packet of information included a proposed agreement along with corporate information concerning PersonalCare.

**ANSWER:** PersonalCare is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 11 of the Complaint, and therefore denies the same.

12. During the spring and summer of 2006, after Prometheus decided to explore the possibility of entering into a formal relationship with PersonalCare, Prometheus and PersonalCare negotiated the terms of a potential agreement between PersonalCare and Prometheus.

**ANSWER:** PersonalCare admits that it negotiated the terms of an agreement between PersonalCare and Prometheus, and is without sufficient knowledge or

4

\6345056.1

information to either admit or deny the remaining allegations set forth in Paragraph 12 of the Complaint.

13. The negotiations concerned Prometheus's participation in PersonalCare's network of healthcare providers and included discussions about, among other things, the length of a potential agreement as well as the fees Prometheus would charge for its services. Prometheus understood that any agreement between Prometheus and PersonalCare would include a fee schedule" that provided PersonalCare with a discount off a Prometheus' standard list rates.

**ANSWER:** PersonalCare admits that it negotiated the terms of an agreement between PersonalCare and Prometheus, and is without sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 13 of the Complaint.

14. In September and October 2006, representatives from PersonalCare and Prometheus signed an agreement regarding Prometheus' participation in PersonalCare's network of healthcare providers ("Proposed Agreement"). A true and correct copy of the Proposed Agreement is attached hereto as Exhibit A.

**ANSWER:** PersonalCare admits the allegations set forth in Paragraph 14 of the Complaint.

15. The Proposed Agreement defined the effective date as November 1, 2006 ("Effective Date"). See Exhibit A.

**ANSWER:** PersonalCare admits the allegations set forth in Paragraph 15 of the Complaint.

16. After the Proposed Agreement was signed, but prior to the Effective Date, Prometheus discovered a mistake in certain material terms of the Proposed Agreement. Despite exercising reasonable care in the negotiation of the Proposed Agreement, Prometheus discovered that the terms of the Proposed Agreement included a fee schedule that allowed PersonalCare to pay the lesser of a percentage discount off Prometheus' charges or a percentage discount off the current Medicare RBRVS fee schedule for services included in that schedule. See Exhibit A.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 16 of the Complaint.

17. During the negotiation of the Proposed Agreement, the parties never discussed, and Prometheus never intended to provide, a discount to PersonalCare that was based off of the Medicare RBRVS fee schedule. Such a discount would have exceeded substantially the larges discount Prometheus ever provided to a healthcare organization and under Prometheus' internal compliance policies, would have required prior approval of Prometheus' Chief Executive Officer. Because no such discount off Medicare fees was contemplated or negotiated, the fee schedule included in the Proposed Agreement contained different pricing terms than those to which the parties had agreed during their negotiations.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 17 of the Complaint.

\6345056.1

18. On information and belief, PersonalCare knew or should have known that Prometheus did not intend to provide a discount to PersonalCare that was based off of the Medicare RBRVS fee schedule.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 18 of the Complaint.

19. After discovery of the mistake in material terms of the Proposed Agreement, on October 31, 2006, prior to the Effective Date of the Proposed Agreement, Prometheus notified PersonalCare that it was canceling the Proposed Agreement and that the Proposed Agreement was null and voice "October 31, 2006 Notice. A true and correct copy of the October 31, 2006 Notice is attached hereto as Exhibit B. On or about October 31, 2006, Prometheus also informed PersonalCare that if PersonalCare was still interested in reaching a formal agreement with Prometheus, Prometheus would be willing to consider negotiating the terms of an alternative agreement that contained a significant discount off of its standard list rates.

**ANSWER:** PersonalCare admits that Prometheus sent a copy of the letter attached as Exhibit B and denies the remainder of the allegations set forth in Paragraph 19 of the Complaint.

20. Following the October 31, 2006 Notice, Prometheus repeatedly followed up with PersonalCare, but PersonalCare did not respond to Prometheus. Thus, Prometheus' efforts to negotiate the terms of an agreement after the October 31, 2006 Notice was unsuccessful.

\6345056.1

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 20 of the Complaint.

21.   In late 2006 and 2007, several members covered by PersonalCare's healthcare plans utilized Prometheus' services. PersonalCare paid only a fraction of the cost of the services Prometheus provided.

**ANSWER:** PersonalCare is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 21 of the Complaint, and therefore denies the same.

22.   Accordingly, as Prometheus had previously cancelled the Proposed Agreement with PersonalCare, Prometheus billed the patients to whom it had provided its service for the remaining balance that PersonalCare refused to pay.

**ANSWER:** PersonalCare denies that Prometheus had previously cancelled the Proposed Agreement with PersonalCare, and is without sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 22 of the Complaint.

23.   In September 2007, and again in January 2008, PersonalCare demanded that Prometheus stop billing the patients covered by its health plans for the balance Prometheus was owed. PersonalCare further claimed that Prometheus was violating the Proposed Agreement.

**ANSWER:** PersonalCare admits the allegations set forth in Paragraph 23 of the Complaint.

\6345056.1

24.  After PersonalCare demanded that Prometheus stop billing patients for the balance Prometheus was owed, Prometheus and PersonalCare discussed the possibility for the negotiating the terms of an agreement between PersonalCare and Prometheus. During these negotiations, Prometheus offered PersonalCare a much larger discount that Prometheus normally would offer to a customer of PersonalCare's size.

**ANSWER:** PersonalCare is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 24 of the Complaint, and therefore denies the same.

25.  On or about March 21, 2008, PersonalCare began contacting one or more of Prometheus' customers, urging them to, among other things, stop doing business with Prometheus ("March 21, 2008 Letter"). A true and correct copy of the March 21, 2008 Letter is attached hereto as Exhibit C.

**ANSWER:** PersonalCare admits that the March 21, 2008 letter, attached as Exhibit C, was sent, and is without sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 25 of the Complaint.

26.  In its March 21, 2008 Letter, PersonalCare stated that Prometheus refused to comply with the terms of the Proposed Agreement and that Prometheus has engaged in "illegal practices" and practices that are prohibited under the terms of [the Proposed Agreement] and by Illinois law." See Exhibit C. PersonalCare further indicated that it had filed a complaint with the State of California Department of Managed Health Care urging them to "get [Prometheus] to halt these illegal practices." *See id.*

**ANSWER:** PersonalCare admits that the March 21, 2008 letter, attached as Exhibit C, was sent, and is without sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 26 of the Complaint.

27.  PersonalCare's Statements to Prometheus' customers were false, misleading and defamatory at the time they were made.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 27 of the Complaint.

28.  On April 18, 2008, Prometheus sent PersonalCare a letter demanding that PersonalCare immediately cease and desist from further false communications with Prometheus' customers and/or clients and that PersonalCare immediately issue a retraction of its false statements to any and every entity and individual to which it made such statements.

**ANSWER:** PersonalCare admits that the March 21, 2008 letter, attached as Exhibit C, was sent, and is without sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 28 of the Complaint.

29.  PersonalCare has taken no steps to retract any of the false, misleading and defamatory statements.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 29 of the Complaint.

## COUNT ONE
## (DEFAMATION)

30. Prometheus restates and realleges Paragraphs 1-29 as though set forth fully herein.

**ANSWER:** PersonalCare incorporates by reference each and every response to the allegations made by Plaintiff in Paragraphs 1 through 29, inclusive, as though fully set forth herein.

31. PersonalCare made materially false, misleading and defamatory statements about Prometheus and its business.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 31 of the Complaint.

32. PersonalCare, without privilege or justification, intentionally and willfully published such false, misleading and defamatory statements to third parties, including but not limited to Prometheus' customers, clients, and entities or persons with which Prometheus does business. PersonalCare falsely and misleadingly stated that Prometheus refused to comply with the terms of the Proposed Agreement and that Prometheus has engaged in "illegal practices" and practices that are "prohibited under the terms of [the Proposed Agreement] and by Illinois law." See Exhibit C. PersonalCare further falsely and misleadingly sated that it had filed a complaint with the State of California Department of Managed Health Care urging them to "get [Prometheus] to halt these illegal practices." *See id.*

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 32 of the Complaint.

11

\6345056.1

33. PersonalCare made these false, misleading and defamatory statements concerning Prometheus maliciously and with the knowledge that they were false and misleading at the time they were made or with reckless disregard to the truth of such statements.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 33 of the Complaint.

34. Prometheus has suffered damages, and will continue to suffer damages and be irreparably harmed as a result of PersonalCare's false, misleading and defamatory statements.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 34 of the Complaint.

**COUNT TWO**
**(DECLARATORY JUDGMENT)**

35. Prometheus restates and realleges Paragraphs 1-34 as though set forth fully herein.

**ANSWER:** PersonalCare incorporates by reference each and every response to the allegations made by Plaintiff in Paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. There is a real and actual controversy between Prometheus and PersonalCare regarding whether there is a valid and enforceable contract between Prometheus and PersonalCare.

\6345056.1

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Prometheus seeks a declaratory judgment for the purpose of determining and adjudicating questions of actual controversy between the parties.

**ANSWER:** PersonalCare admits that Prometheus seeks a declaratory judgment pursuant to 28 U.S.C. § 2201.

38.     Prometheus contends, as it relates to PersonalCare and the Proposed Agreement, that the Proposed Agreement never constituted a valid and enforceable contract. In the alternative, in the event the Court determines the Proposed Agreement constituted a valid and enforceable contract, Prometheus contends that the October 31, 2006 Notice effectively rescinded the Proposed Agreement.

**ANSWER:** PersonalCare admits that Prometheus makes the contentions contained in Paragraph 38 of the Complaint, and denies that such contentions are correct.

39.     On information and belief, PersonalCare alleges the contrary to Paragraph 38.

**ANSWER:** PersonalCare refers to its response to Paragraph 28 of the Complaint for its answer to Paragraph 39 of the Complaint.

40.     Wherefore, Prometheus requests that the Court determine and adjudge that the Proposed Agreement never constituted a valid and enforceable contract. In the alternative, in the event the Court determines the Proposed Agreement constituted a valid

13

\6345056.1

and enforceable contract, Prometheus requests that the Court determine and adjust that the October 31, 2006 Notice, effectively rescinded the Proposed Agreement.

**ANSWER:** PersonalCare denies the allegations set forth in Paragraph 40 of the Complaint.

WHEREFORE, PersonalCare respectfully requests that the relief sought in the Complaint be denied; that the Complaint be dismissed; and that it be granted such other and further relief as may be just and proper.

Dated: July 8, 2008

Respectfully submitted,

PERSONALCARE INSURANCE OF ILLINOIS, INC.

By: /s/ Jeffrey C. Clark
One of Its Attorneys

Jeffrey C. Clark
Misti H. Floyd
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Tel: (312) 849-8100
Fax: (312) 849-3690

\6345056.1

## CERTIFICATE OF SERVICE

I, Jeffrey C. Clark, an attorney, hereby certify that on July 8, 2008, I caused a copy of the foregoing **Defendant's Answers to Plaintiff's Complaint** to be filed with the Court's electronic filing system. Parties may access this document through that system. Additionally, I hereby certify that I caused copy of the same to be served via First Class U.S. Mail, postage prepaid, at 77 West Wacker Drive, Suite 4100, Chicago, IL 60601, upon the following people:

>Zachary T. Fardon
>Joel S. Neckers
>Jason R. Brost
>**Latham & Watkins LLP**
>233 S. Wacker Drive, Suite 5800
>Chicago, IL  60606

/s/ Jeffrey C. Clark

\6345056.1